**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Petitioner,**

v.

**BELCHER ERECTORS, U.S. Fidelity & Guaranty Company and Theodore Collins, Respondents.**

No. 84–1281.

United States Court of Appeals, District of Columbia Circuit.

Argued March 27, 1985.

Decided Aug. 30, 1985.

Marianne Demetral Smith, Atty., Dept. of Labor, Washington, D.C., with whom Frances X. Lilly, Sol., and Donald S. Shire, Associate Sol., Dept. of Labor, Washington, D.C., were on brief, for petitioner.

Joseph M. Quirk, Rockville, Md., for respondents.

Before ROBINSON, Chief Judge, and EDWARDS and SCALIA, Circuit Judges.

Opinion for the Court filed by Circuit Judge SCALIA.

SCALIA, Circuit Judge:

This petition for review of a decision of the Benefits Review Board presents the issue of whether the Board properly reversed the finding of an Administrative Law Judge ("ALJ") that there was insufficient evidence to require the Special Fund administered by the petitioner to assume part of Belcher Erectors' liability to an injured employee pursuant to §§ 8(f) and 44 of the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 908(f), 944 (1982).

I

Theodore Collins, an iron worker employed in the District of Columbia by Belcher Erectors, injured his back in a work-related accident in 1978. On May 3, 1978 he filed a compensation claim under the LHWCA, which at that time covered workers employed in the District, see Carter v. Director, OWCP, 751 F.2d 1398, 1399 n. 1 (D.C.Cir.1985). Belcher contested Collins' claim, arguing, among other things, that Collins' injury was exacerbated by a preexisting permanent partial disability resulting from three earlier back injuries, two in 1968 and one in 1972. Belcher claimed that it was therefore relieved of part of its obligation to compensate Collins by 33 U.S.C. §§ 908(f) and 944, which establish a Special Fund to pay part of the compensation due to employees whose injuries are caused or aggravated by preexisting disability.

The ALJ found that Collins had not suffered from a preexisting permanent partial disability and that his earlier injuries had not contributed to his subsequent disability; and therefore held Belcher liable for all compensation due. The Benefits Review Board reversed. The Director of the Office of Workers' Compensation Programs, who has been given delegated authority to administer the Special Fund, see 33 U.S.C. § 944(b) (1982); 20 C.F.R. § 701.202(a) (1985), petitioned this court for review of the Board's decision. The Director has standing to bring this suit. See Director, OWCP v. National Van Lines, Inc., 613 F.2d 972, 977 n. 6 (D.C.Cir.1979), cert. denied, 448 U.S. 907, 100 S.Ct. 3049, 65 L.Ed.2d 1136 (1980). We have jurisdiction under 33 U.S.C. § 921(c) (1982).

## II

██ An employer is relieved of part of its obligation to compensate an employee who is permanently partially disabled by a work-related injury only if the employee had a preexisting permanent partial disability (within the meaning of that term adopted by *C & P Telephone Co. v. Director, OWCP*, 564 F.2d 503, 513 (D.C.Cir. 1977)), the preexisting disability was manifest to the employer, and the preexisting disability contributed to the permanent partial disability caused by the injury giving rise to the employee's claim. *See Director, OWCP v. Potomac Electric Power Co.*, 607 F.2d 1378, 1382 (D.C.Cir.1979). The ALJ held that neither the first nor the last of these requirements was met, basing his conclusion on the medical records of Collins' prior injuries and the opinions of the physicians who had attended him—all of which data expressed or implied that Collins had no abnormality of the back. Medical records developed in connection with a 1977 motorcycle accident also gave no indication that Collins was afflicted with any permanent disability and specifically stated that his cervical spine was within normal limits. Although a doctor who examined Collins in 1981 speculated that before his 1978 injury Collins had had a "decompensated back ... [which was] at risk for any type of lifting or excessive exertion," the doctor admitted that he could not testify as to whether Collins' prior injuries had constituted a permanent partial disability.

██ We agree with petitioner that, on the basis of this record, it was not within the power of the Board to reverse the ALJ's determinations. The Board is not free to reevaluate the facts *de novo*, but must accept the ALJ's findings "if supported by substantial evidence in the record considered as a whole," 33 U.S.C. § 921(b)(3). On the issue of contribution to the subsequent injury, the Board concluded succinctly that "considering claimant's three prior injuries to the very area injured in 1978, it would be unreasonable to find no contribution." *Collins v. Belcher Erectors*, No. 82–443, slip op. at 5 (May 7, 1984

(Decision and Order). We think not. There was in this record *no* evidence expressly attributing any portion of Collins' 1978 injury to a preexisting condition. While it might have been permissible (we need not decide the point) for the ALJ to accept as adequate support for a finding of contribution the vague assertion of the doctor who examined Collins in 1981 that Collins was, in 1978, "at risk for any type of lifting or excessive exertion," it is far beyond the province of "substantial evidence" review to reverse the ALJ for failing to do so.

██ Much less can we agree that there was no substantial evidence to support the ALJ's determination that Collins had no preexisting permanent partial disability. Although, as the Board noted, this court has held that a permanent partial disability for the purposes of § 8(f) may be present if an employee has "such a serious physical disability in fact that a cautious employer would ... [be] motivated to discharge the handicapped employee because of a greatly increased risk of employment-related accident and compensation disability," *C & P Telephone Co. v. Director, OWCP*, 564 F.2d at 513, the mere fact of past injury does not itself establish disability. There must exist, as a result of that injury, some serious, lasting physical problem. Here the contemporaneous medical evaluations were unanimous in showing no such problem, against which there could be weighed only a retrospective evaluation, made *after* the subsequent injury, which spoke generally of a "decompensated back" but admitted inability to determine the existence of a preexisting permanent partial disability.

Even as an original matter, we would be inclined to agree with the determination of the ALJ. We cannot imagine how the Board could have found *no substantial evidence* to support that determination. Such distortion of the standard of review can only frustrate the intent of Congress that litigation of the facts of these matters substantially terminate at the ALJ level.

*Reversed.*